UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 22-01657-FWS (GJSx) | Date | September 9, 2022 |
| Title | JJ Marketing Group, Inc. et al v. Dr. K in LA Entertainment et al | | |

PRESENT: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                                     None Present

**PROCEEDINGS:   (IN CHAMBERS) ORDER CONTINUING DEADLINE TO RESPOND TO ORDER TO SHOW CAUSE AND SETTING MATTER FOR HEARING**

On August 1, 2022, the court ordered Plaintiffs to show cause in writing why this matter should not be dismissed for lack of prosecution as to Defendant Dr. K in LA Entertainment, Defendant KYJ Productions, and Defendant Xiaocan Xiao (collectively, "Defendants") on or before 8/15/2022. (Dkt. 23.) The record reflects that Plaintiffs have not responded to the court's Order to Show Cause. (*See generally* Dkt.) The court previously advised Plaintiffs that "failure to comply with the court's orders may result in dismissal and/or additional court orders." (Dkt. 23 at 18 (citing *Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962) and *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).) In lieu of dismissing Defendants at this time, the court sua sponte continues the deadline for Plaintiffs to respond to the previous Order to Show Cause (Dkt. 23) to September 29, 2022, and sets the matter for hearing on **October 6, 2022, at 10:00 a.m.** The court reiterates that the failure to comply with the court's orders may result in sanctions, including but not limited to, dismissal of Defendants and/or this action. *See* Fed. R. Civ. P. 41(b); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) ("Rule 41(b) permits dismissal for failure of the plaintiff to prosecute or to comply with any order of court."); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (courts may "act sua sponte to dismiss a suit for failure to prosecute") (emphasis removed) (citation omitted); *Link*, 370 U.S. at 629 ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of [their] failure to prosecute cannot seriously be doubted."); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."); *Pagtalunan v. Galaza*, 291 F.3d 639, 640-43 (9th Cir. 2002) (affirming sua sponte dismissal with prejudice "for failure to prosecute and for failure to comply with a court order"); *Thompson*, 782 F.2d at 831 (stating "[d]istrict courts have inherent power to control their dockets" and "[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal").

|  |  | - : - |
|---|---|---|
|  | Initials of Deputy Clerk | mku |