UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-01657-FWS-GJS         Date: October 11, 2022
Title: JJ Marketing Group, Inc., *et al.* v. Dr. K in LA Entertainment, *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:         Attorneys Present for Defendants:

Not Present                                                 Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DISMISSING CASE**

On June 7, 2022, Plaintiffs moved for default judgment against Defendants Kai Wu a/k/a Louis Wu and Ying Han. (Dkt. 20 ("Motion for Default Judgment").) No proof of service as to the other Defendants in this case had been filed at that time, and none has been filed since. (*See generally* Dkt.) On July 7, 2022, the court held a hearing on the Motion for Default Judgment, during which Plaintiffs' counsel indicated Plaintiffs would likely move to dismiss the Defendants who were not yet served. (*See* Dkt. 22; *see also* Dkt. 23 at 2 n.1.) On August 1, 2022, the court denied Plaintiffs' Motion for Default Judgment on the primary basis that the Complaint (Dkt. 1) failed to adequately set forth a viable cause of action against any Defendant, and further ordered Plaintiffs to show cause "in writing as to why this matter should not be dismissed for lack of prosecution as to Defendant Dr. K in LA Entertainment, Defendant KYJ Productions, and Defendant Xiaocan Xiao on or before **August 15, 2022**." (Dkt. 23 at 17-18 (emphasis in original.) Plaintiffs were warned that the "[f]ailure to comply with the court's orders may result in dismissal and/or additional court orders." (*Id.* at 18.) No action was taken, but the court nevertheless sua sponte extended the deadline on the court's order to show cause to September 29, 2022, and set the matter for a hearing on October 6, 2022 at 10:00 a.m. (Dkt. 24.) Plaintiffs did not attend the hearing, (Dkt. at 25), and have not taken any action or filed any materials with the court since Plaintiff's counsel attended the hearing held on July 7, 2022.

District courts may sua sponte dismiss a plaintiff's action for failure to prosecute or failure to comply with a court order. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R.*, 370 U.S.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-01657-FWS-GJS                      Date: October 11, 2022
Title: JJ Marketing Group, Inc., *et al.* v. Dr. K in LA Entertainment, *et al.*

___

626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 693, 689 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances"); *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) ("It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution."). In considering whether to dismiss a cause for failure to prosecute or failure to comply with a court order, the court must weigh five factors:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

*Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "Dismissal is appropriate 'where at least four factors support dismissal, or where at least three factors strongly support dismissal.'" *Neal v. Reslan*, 2020 WL 754366, at *1 (C.D. Cal. Jan. 16, 2020) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992)) (internal quotation marks omitted).

     As to the first factor, "'[t]he public's interest in expeditious resolution of litigation always favors dismissal.'" *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir.1999)). Considering Plaintiffs' failure to pursue the case since the court denied Plaintiffs' Motion for Default Judgment over two months ago, this factor weighs in favor of dismissal. Additionally, the delay in this action "has consumed some of the court's time that could have been devoted to other cases on the docket." *See id.* ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants.") (citing *Ferdik*, 963 F.2d at 1261). Though "the pendency of the lawsuit is not sufficiently prejudicial itself to warrant dismissal," *Yourish*, 191 F.3d at 991, Plaintiffs' lack of an "excuse for [their] default on the [court's] order indicates that there was sufficient prejudice to Defendants from the delay that this factor also strongly favors dismissal," *id.*

___

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-01657-FWS-GJS                                    Date: October 11, 2022
Title: JJ Marketing Group, Inc., *et al.* v. Dr. K in LA Entertainment, *et al.*

The public policy favoring the disposition of cases on their merits weighs generally weighs against dismissal. *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). However, the court notes Plaintiffs have only sought default judgment against Defendants, which itself is not an adjudication on the merits. Accordingly, this factor may weigh against dismissing the action, but its import is weak under the case's posture. Finally, the court finds less drastic sanctions are not available because Plaintiffs did not file any response to the court's order to show cause and did not attend the hearing on the order, despite the court sua sponte extending the deadline for Plaintiffs to respond by more than thirty days.

Accordingly, the court finds dismissal is warranted considering the totality of the relevant factors. *See Baca v. Ewing*, 402 F. App'x 286, 287 (9th Cir. 2010) (affirming dismissal without prejudice where plaintiff failed to appear in response to the court's order to show cause and did not comply with local rule). Therefore, the court **DISMISSES WITHOUT PREJUDICE** this action.

The Clerk shall serve this minute order on the parties.

Initials of Deputy Clerk:  mku